IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02728-BNB

TOMMY ALEXANDER, SR.,

    Applicant,

v.

C. DANIELS, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -2 2010

GREGORY C. LANGHAM
                CLERK

ORDER OF DISMISSAL

Applicant, Tommy Alexander, Sr., is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Alexander has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary conviction he received while he was incarcerated at a federal prison in Texas in 2004. As relief Mr. Alexander asks the Court "to invalidate the disciplinary proceedings, which would expundge [sic] the incident report, and would further free him from further prejudice in obtaining work assignments, and the transfer to a prison nearer his home and family." (Doc. #1 at 4.)

The Court must construe the application liberally because Mr. Alexander is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. Alexander was charged with the prison disciplinary offense of possession of a weapon after a sharpened instrument was found in the cell he shared with another inmate in March 2004. Following a disciplinary hearing on March 23, 2004, Mr. Alexander was convicted of the disciplinary offense and sanctioned with fifteen days of disciplinary segregation and loss of visitation, telephone, and commissary privileges for ninety days. Mr. Alexander's administrative appeals of the disciplinary conviction were not successful.

Mr. Alexander claims in the instant action that his constitutional right to due process was violated in the disciplinary proceedings because he was denied a fair and impartial hearing and he is actually innocent of the offense of possession of a weapon. He alleges in support of his claims that prison officials refused to reconsider the disciplinary conviction even though, shortly after he was convicted, another inmate provided an affidavit claiming responsibility for the weapon found in Mr. Alexander's cell.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." **See Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973); **see also Rhodes v. Hannigan**, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). As noted above, the only sanctions imposed on Mr. Alexander as a result of the disciplinary conviction he is challenging in this action were fifteen days in segregation and the loss of visitation, telephone, and commissary privileges for ninety days. Because these sanctions did not

impact the length of Mr. Alexander's prison sentence in any way, the relief he seeks in this action also will not impact the length of his confinement in any way. Therefore, Mr. Alexander's claims may not be raised in a habeas corpus action and the application must be denied.

The Court's conclusion that this action must be dismissed is supported by the fact that the United States District Court for the Western District of Virginia reached a similar result when Mr. Alexander challenged the same 2004 prison disciplinary conviction for possession of a weapon in a habeas corpus action in that court. *See Alexander v. Miles*, No. 7:05CV00793-jlk-mfu, 2006WL118253 (W.D. Va. Jan. 13, 2006), *aff'd*, 192 F. App'x 208 (4th Cir. 2006). More specifically, the Western District of Virginia concluded that the petition must be dismissed for failure to state a claim because the sanctions imposed did not create a constitutionally protected liberty interest that implicated the protections of the Due Process Clause. *See id*. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this 1st day of December, 2010.

                BY THE COURT:

                */s/ Zita Leeson Weinshienk*
                ZITA LEESON WEINSHIENK, Senior Judge
                United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02728-BNB

Tommy Alexander, Sr.
Reg No. 07193-035
USP- Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/2/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk